Justice Kennedy,
with whom
Justice Alito joins, concurring.
The district courts and courts of appeals, as well as this Court, should follow the framework set forth in Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (1984), even when departure from that framework might serve purposes of exposition. When considering an administrative agency’s interpretation of a statute, a court first determines “whether Congress has directly spoken to the precise question at issue.” Id., at 842. If so, “that is the end of the matter.” Ibid. Only if “Congress has not directly addressed the precise question at issue” should a court consider “whether the agency’s answer is based on a permissible construction of the statute.” Id., at 843.
In this case, the Court is correct to find that the plain language of the statute is ambiguous. It is proper, therefore, to invoke Chevron’s rule of deference. The opinion of the Court, however, inverts Chevron’s logical progression. Were the inversion to become systemic, it would create the impression that agency policy concerns, rather than the traditional tools of statutory construction, are shaping the judicial interpretation of statutes. It is our obligation to set a good example; and so, in my view, it would have been preferable, and more faithful to Chevron, to arrange the opinion differently. Still, we must give deference to the author of an opinion in matters of exposition; and because the point does not affect the outcome, I join the Court’s opinion.